IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| DANIEL MCNALLY, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) Case No. 5:21-cv-0068 (TBR) |
| THE KINGDOM TRUST COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Daniel McNally's Motion to Remand, Dkt. 15. Defendant Kingdom Trust has responded, Resp. Dkt. 21. McNally has replied, Reply, Dkt. 25. Kingdom Trust has filed a Motion for Leave to File a Surreply, Mot. for Surreply, Dkt. 26, and attached its surreply, Surreply, Dkt. 26-1.

Kingdom Trust has also filed a Motion to Dismiss, Mot. to Dismiss, Dkt. 7

For the reasons that follow, Defendant Kingdom Trust's Mot. for Surreply, Dkt. 26, is **GRANTED** and Plaintiff Daniel McNally's Mot. to Remand, Dkt. 15, is **DENIED**. The Court defers consideration of Defendant Kingdom Trust's Motion to Dismiss, Dkt. 7, pending further briefing.

### I.   FACTUAL BACKGROUND

This case involves a Ponzi Scheme, the possibility of a class action, and allegations of securities violations, fraud, breach of duty, conspiracy, and negligence. Today, the questions before the Court turn on the procedural aspects of how the parties ended up in the Western District of Kentucky.

1

In the spring of 2020, Daniel McNally filed suit against Kingdom Trust in the United States District Court for the Central District of California. *See* Ex. 1, Dkt. 21-1. The basis of the lawsuit was Kingdom Trust's roll in a Ponzi scheme run by William Jordan. *See id.* McNally alleged that the "epicenter" of Jordan's scheme "was one account at Kingdom Trust," in which money was improperly commingled and improperly disbursed. *See id.* ¶ 13.

Kingdom Trust filed a motion to dismiss in that case, arguing, among other things, that McNally was subject to the terms of a Custodial Services Agreement that contained a forum selection clause. *See* Ex. 2, Dkt. 21-2, at 6–9. In full, the clause reads:

> This Agreement shall be governed by and construed according to the laws of the State of Kentucky. Any suit filed against Kingdom arising out of or in connection with this Agreement shall only be instituted in the county courts of Calloway County, Kentucky.

*Id.* at 6–7. The California court agreed with Kingdom Trust, and in the fall of 2020 it dismissed the matter. *See* Ex. 5, Dkt. 21-5.

Five months later, in the spring of 2021, McNally filed a complaint against Kingdom Trust in the county courts of Calloway County, Kentucky. *See* Compl., Dkt. 1-1. Kingdom Trust filed a motion to dismiss, and shortly thereafter removed the matter to federal court. *See* Notice of Removal, Dkt. 1. Kingdom Trust then filed another motion to dismiss in federal court. *See* Mot. to Dismiss. McNally opposes removal and has filed a motion to remand. *See* Mot. to Remand.

## II.   DISCUSSION

When confronted with a motion to remand and a motion to dismiss, a court must resolve the motion to remand first. *See, e.g.*, *Open Sys. Techs. DE, Inc. v. Transguard Ins. Co. of Am.*, No. 1:14-CV-312, 2014 WL 3625737, at *2 (W.D. Mich. July 22, 2014). That is because if

remand is appropriate, then the state court should decide the motion to dismiss. *Id.* The Court therefore begins its analysis with the motion to remand.[1]

### A. *Motion to Remand*

#### i. Legal Standard

A motion to remand requires the Court to inquire whether it has subject matter jurisdiction over a case. *See* 28 U.S.C. §§ 1441, 1447. The two most common forms of jurisdiction are federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32. The burden to establish this federal subject matter jurisdiction lies with the party seeking removal. *Vill. Of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (*citing Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996))

#### ii. Analysis

Daniel McNally filed a complaint against Kingdom Trust before the Calloway County Circuit Court. *See* Compl. Kingdom Trust removed the case to federal court, claiming that the Western District of Kentucky had diversity jurisdiction. *See* Notice of Removal. Kingdom Trust asserted that complete diversity existed because it is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota, while McNally is a resident of California. *Id.* Kingdom Trust also claimed that the amount in controversy exceeds $75,000. *Id.* McNally does not dispute that the requirements of diversity are satisfied. *See* Resp. Instead, McNally argues that even though this Court has diversity jurisdiction over the case, a forum selection clause requires that his claims be heard by a state court in Calloway County, Kentucky.

---

[1] Kingdom Trust moves for leave to file a surreply because McNally's reply contains new arguments that are not set forth in the original Mot. to Remand. *See* Mot. for Surreply at 1. The Court agrees with Kingdom Trust that McNally made new arguments in his reply, and therefore grants leave to file a surreply.

McNally makes three arguments as to why the Court should remand his case: (1) another court has already found that the forum selection clause is enforceable, so collateral estoppel means that the case must be heard in a state court located in Calloway County, *see* Mot. to Remand at 15; (2) the language of the forum selection clause requires remand, *see* Reply at 1–6; and (3) Kingdom Trust's behavior in state court constitutes a waiver of its right to remand, *see id.* at 6–7. The Court addresses each of these arguments below.

Let's first look at the equitable estoppel argument. Prior to this proceeding, McNally filed a putative class action complaint in the Central District of California alleging that Kingdom Trust was liable under a number of different theories. *See* Ex. 1. That case centered around an agreement between Kingdom Trust and a fund managed by McNally's investment advisor. *See* Ex. 5. The agreement contained the following clause:

> This Agreement shall be governed by and construed according to the laws of the State of Kentucky. Any suit filed against Kingdom arising out of or in connection with this Agreement shall only be instituted in the county courts of Calloway County, Kentucky.

*Id.* at 2. In that case the parties disputed whether the forum selection clause was enforceable against non-signatories. *Id.* at 3. The California court concluded that it was, holding that McNally "is a third-party beneficiary who is subject to the mandatory forum selection clause at issue." *Id.* at 4. The California court then dismissed the complaint on the basis of that forum selection clause. *Id.* at 5.

McNally argues that the doctrine of collateral estoppel requires the Court to remand this case to Calloway County courts. He argues that the issue of the enforceability of the forum selection clause was actually litigated before the California court and that resolution of that issue was necessary to support the final judgment. Mot. to Remand at 3–4. By contrast, Kingdom Trust claims that the California court "addressed only whether Plaintiff was required, pursuant to

4

the language in the [forum selection clause], to bring his action in the Calloway County Circuit Court." Resp. at 3. Kingdom Trust asserts that the two cases are not identical because "the California Court was silent as to whether [Kingdom Trust] could opt to remove the claim to federal court once it was brought in the proper venue." *Id.*

The Court agrees with Kingdom Trust that the issue of removal has not been litigated and that the California court did not answer whether Kingdom Trust is entitled to removal. The main issue before the California court was the applicability of the forum selection clause to non-signatories. Ex. 5 at 2–5. The California court concluded that the clause was enforceable against McNally and dismissed the case because it was not "instituted in the county courts of Calloway County, Kentucky." *Id.* at 2. Not once did the California court mention removal. *See id.* And, tellingly, McNally abandons his collateral estoppel argument in his reply brief. *See* Reply. The Court concludes that collateral estoppel does not require a remand to state court.

The Court now turns to McNally's second argument about the language of the forum selection clause. Here, McNally asserts that the phrase "shall only be instituted" makes the forum selection clause mandatory and confers exclusive jurisdiction on Calloway County courts. *Id.* at 1–6. McNally argues this is the only logical interpretation of the forum selection clause because if someone sued a defendant under a contract in federal court, the defendant would only be able to file counterclaims before the state court named in the forum selection clause. *Id.* at 4. Such a system, McNally argues, is contrary to Fed. R. Civ. P. 13's requirements concerning compulsory counterclaims. *Id.* To support his argument McNally relies primarily upon precedent from the Second Circuit, as well as an in-circuit district court opinion. *Id.* at 1–6.

Kingdom Trust argues that "the forum selection clause identifies the appropriate court in which to *institute* suit and does not contemplate, let alone waive, Kingdom's right to remove to

5

federal court." Surreply at 2 (emphasis in original). Furthermore, Kingdom Trust maintains that McNally's Fed. R. Civ. P. 13 concerns are much ado about nothing—if such a hypothetical should ever happen, a defendant could simply waive its right to remove. *Id.* at 4. Kingdom Trust relies on a Sixth Circuit case to support these arguments. *Id.* at 4; *see also* Resp. at 3–4.

In the Sixth Circuit, "[t]he statutory right of removal of a case from state to federal court under § 1441 is a right that can be waived, but such waiver must be 'clear and unequivocal.' " *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009) (*citing Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir.1990)). When determining whether a forum selection clause explicitly waives the right of removal, the language being interpreted "should be given its ordinary meaning, the intent of the parties is relevant, and ambiguities are to be resolved against the drafter." *Id.* And if a forum selection clause "neither mentions removal nor sets forth an explicit waiver of that right," then courts "cannot reasonably interpret the clause as a clear and unequivocal waiver of [the defendant's] right to remove the case to federal court under § 1441." *Id.* at 888.

The forum selection clause at issue in this case states that "[a]ny suit filed against Kingdom arising out of or in connection with this Agreement shall only be *instituted* in the county courts of Calloway County, Kentucky." Resp. at 3 (emphasis added). Webster's Dictionary defines "instituted" as "to originate and get established," "set up," "cause to come into existence," "organize." Webster's Third New International Dictionary: Unabridged 1171 (1971). Therefore, the plain language of the forum selection clause specifies that lawsuits must originate and be established in Calloway County courts, which says nothing about where those lawsuits can end up. *See id.* Furthermore, the forum selection clause does not mention removal and never explicitly waives that right. Forum selection clauses lacking such definitive language

do not waive a defendant's right to remove a case to federal court. *See Cadle Co.*, 307 F. App'x at 888.

McNally cites to a number of Second Circuit cases that hold otherwise, *see CityView Towne Crossing Shopping Ctr. Forth Worth Tx. Ltd. P'ship v. Aissa Med. Res. Ltd. P'ship*, 474 F. Supp. 3d 586, 597 (W.D.N.Y. 2020) (collecting cases), but that is not the law in this circuit. *See Cadle Co.*, 307 F. App'x at 888. McNally also directs the Court to *Power Mktg. Direct, Inc. v. Moy*, No. 2:08-cv-826, 2008 WL U.S. Dist. LEXIS 94997, at *9 (S.D. Ohio Nov. 20, 2008), a 2008 decision from the Southern District of Ohio that aligned more closely with the Second Circuit approach. *See* Reply at 5–6. McNally claims that *Cadle* "did not address the Rule 13/bifurcation issue so squarely addressed by . . . *Power Mktg. Direct* and is therefore not persuasive." *Id.* at 6 n.1. Here, McNally incorrectly refers to *Cadle* as a district court opinion, not a Sixth Circuit opinion. *Id.* Therefore, *Cadle*, not *Power Mktg. Direct*, is binding on this Court. Indeed, the district court in *Power Mktg. Direct* was only able to reach the conclusion that it did because *Cadle* had not yet been decided.

Following Sixth Circuit precedent, as it must, the Court concludes that the language of the forum selection clause does not require a remand.

Finally, the Court deals with McNally's argument that Kingdom Trust's conduct in the Calloway County court constituted a waiver of its right to remove. McNally argues that Kingdom Trust waived its right to remove by filing a motion to dismiss before filing a motion to remand. Reply at 6–7. Kingdom Trust maintains that filing a motion to dismiss in state court does not serve as a waiver of the right to seek removal. Surreply at 5–7.

A defendant may constructively waive the right to remove by taking "substantial action" in state court that manifests a willingness to litigate on the merits. *Robertson v. U.S. Bank, N.A.*,

7

831 F.3d 757, 761 (6th Cir. 2016). "Affirmative actions, like filing a cross-claim or permissive counterclaim in state court, are the kinds of steps that may amount to waivers." *Id.*

The Court concludes that a motion to dismiss, on its own, is not a substantial action that indicates a willingness to litigate the action on the merits in state court. In *Robertson*, the Sixth Circuit found that there was no waiver of service even though a defendant had moved to be dismissed as a non-necessary party, objected to a motion for temporary injunction, filed an answer, and responded to a motion to deem portions of a complaint admitted. *Id.* at 760–62. Although Kingdom Trust's motion to dismiss did involve the merits of the case, Kingdom Trust was still less involved in its state litigation than the defendant in *Robertson* was. *See id.* And, importantly, a motion to dismiss is not of the same affirmative nature as crossclaims or counterclaims, the prototypical examples of the kind of steps that amount to waiver. *See id.* Rather, a motion to dismiss is a quintessential defensive action. Kingdom Trust did not constructively waive its right to remove.

Accordingly, the Court denies McNally's motion to remand.

### B. *Motion to Dismiss*

Kingdom Trust moved to dismiss McNally's complaint on several grounds. *See* Mot. to Dismiss. McNally did not respond to the motion to dismiss, instead, he filed a motion to remand. *See* Mot. to Remand. The parties then went back and forth about whether this case belongs in federal court. *See* Resp.; Reply; Surreply.

The Court is reluctant to rule on Kingdom Trust's motion to dismiss without having the benefit of McNally's response, especially when McNally's conduct demonstrates a clear desire to proceed with this case. This lawsuit began when McNally sued Kingdom Trust the Central District of California. *See* Ex. 1. In that case, Kingdom Trust filed a motion to dismiss and

McNally responded.  *See* Ex. 2; Ex. 3, Dkt. 21-3   When the California court dismissed the suit pursuant to a forum selection clause, McNally continued the legal saga and filed suit in the specified forum.  *See* Compl.  Kingdom Trust then filed for removal and submitted a motion to dismiss that contained similar arguments to its California motion to dismiss.  *See* Notice of Removal.  This time, McNally didn't respond to the motion to dismiss and opted instead to challenge the removal.  *See* Mot. to Remand.  McNally had spent time "tailor[ing]" his complaint to comply with the rules for "the requisite Calloway County, Kentucky, Circuit Court," and, as such, wanted to litigate in that forum.  *See id.* at 2.  Against this backdrop, the Court presumes that McNally would like the opportunity to respond to Kingdom Trust's Motion to Dismiss.

Accordingly, the Court defers judgment on Kingdom Trust's Motion to Dismiss, Dkt. 7.  McNally shall file his response to the Mot. to Dismiss within twenty-one days of the entry of this order.

### III.   CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant Kingdom Trust's Motion for Leave to File a Surreply, Dkt. 26, is **GRANTED** and Plaintiff Daniel McNally's Motion to Remand, Dkt. 15 is **DENIED**.  The Court defers consideration of Defendant Kingdom Trust's Motion to Dismiss, Dkt. 7, pending further briefing.

**IT IS FURTHER ORDERED** that Plaintiff Daniel McNally respond to Defendant Kingdom Trust's Motion to Dismiss.

**IT IS SO ORDERED**

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 4, 2021