IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| DANIEL MCNALLY, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 5:21-cv-0068 (TBR) |
| THE KINGDOM TRUST COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Kingdom Trust's Motion for Leave to File Third-Party Complaint, (Mot.), Dkt. 39. Plaintiff Daniel McNally has responded, (Resp.), Dkt. 42. Kingdom Trust has replied, (Reply), Dkt. 45. As such, briefing is complete and this motion is ripe for adjudication.

The facts of this case are set out in detail in the Court's prior memorandum opinion and need not be repeated at length here. *See McNally v. Kingdom Tr. Co.*, No. 5:21-CV-0068 (TBR), 2022 WL 248094, at *1 (W.D. Ky. Jan. 25, 2022). In short, this case arises out of an allegedly fraudulent investment scheme perpetrated by William Jordan and conducted through sixteen investment funds and multiple investment companies. *See id.* McNally is now suing Kingdom Trust, who was the trustee and custodian for each of Jordan's funds. *See id.*

Currently before the Court is Kingdom Trust's motion, pursuant to Fed. R. Civ. P. 14. *See* Mot. Fed. R. Civ. P. 14(a) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original

1

defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D. Ky. 1971); *see also Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit"). "The decision of whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." *Asher v. Unarco Material Handling, Inc.,* No. 6:06–548–DCR, 2007 WL 3046064, at *4 (E.D. Ky. Oct. 16, 2007) (citing *Gen. Elec. Co. v. Irvin,* 274 F.2d 175, 178 (6th Cir.1960) (additional citation and internal quotation omitted)).

Kingdom Trust requests leave to file a third-party complaint against Jordan, Jordan's investment companies, the WJA Funds, and Mickey Payne. *See* Mot. at 3. Kingdom Trust seeks apportionment of fault and indemnification from each of the proposed third-party defendants. *See id.* at 3–4.

The parties do not dispute that each of the Jordan-related entities in the third-party complaint are subject to ongoing bankruptcy proceedings. *See* Resp. at 2–3; *see also* Reply at 2. However, "11 U.S.C. § 362(a)(1) . . . imposes a stay against the commencement of a judicial action against a debtor" and "prohibits the filing of the third-party complaints." *Gilliam v. Ajax Tocco Magnethermic Corp.*, No. 1:21-CV-33-GNS-HBB, 2021 WL 6275010, at *2 (W.D. Ky. Dec. 22, 2021). Not only do Kingdom Trust's requests for indemnification "constitute [impermissible] claims against bankrupt entities," but permitting Kingdom Trust to pursue its requests for apportionment would also "rob the complaints of any cognizable cause of action."

*Id.* (collecting cases).[1] Kingdom Trust's Motion for Leave to File Third-Party Complaint against Jordan, Jordan's investment companies, and the WJA Funds is therefore denied.[2]

McNally also objects to Mickey Payne being named as a third-party defendant. McNally argues here that Kingdom Trust does not "articulat[e] any basis whatsoever for how Mr. Payne might be liable to Defendant." Resp. at 8. To this, Kingdom Trust explains that: (1) Payne signed the Custodial Service Agreement between one of the Jordan funds and the Defendant; (2) the Custodial Service Agreement contained clear indemnification language; and (3) Payne and Jordan were the only two individuals who had representative powers and obligations pursuant to the Custodial Service Agreement. *See* Reply at 4–5. Kingdom Trust essentially argues that impleader of Payne is proper because its claim is for indemnification. *See id.* "A claim for indemnification is proper under Rule 14(a)." *Starnes Fam. Off., LLC v. McCullar*, 765 F. Supp. 2d 1036, 1058 (W.D. Tenn. 2011) (collecting cases). In fact, indemnification "is the quintessential third-party claim contemplated by Rule 14(a)." *Nationwide Mut. Ins. Co. v. Bridgestreet Corp. Hous. LLC*, No. 209CV957, 2010 WL 3910558, at *4 (S.D. Ohio Oct. 5, 2010). Neither party has provided any evidence to indicate that Payne is currently involved in an ongoing bankruptcy proceeding. Kingdom Trust's motion is therefore granted with respect to Mickey Payne.

---

[1] Kingdom Trust claims that it "was unable to identify case law wherein a Court in Kentucky prohibited a party from filing a Third-Party Complaint against potentially at-fault parties due to the presence or occurrence of a bankruptcy proceeding." Reply at 2. However, *Gilliam v. Ajax Tocco Magnethermic Corp.* is such a case. McNally cited *Gilliam* in his Response and Kingdom Trust did not address that case in its Reply. *See* Resp. at 2; *see also* Reply.

[2] The parties also dispute other grounds on which the Jordan-related entities might be necessary to the litigation. But because the Jordan-related entities' involvement in ongoing bankruptcy proceedings resolves this question, these arguments needn't be addressed. *See* Mot. at 3–4; *see also* Resp. at 6–7; Reply at 3–4.

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant Kingdom Trust's Mot., Dkt. 39, is **GRANTED IN PART AND DENIED IN PART**. Kingdom Trust shall be permitted to file a Third-Party Complaint alleging indemnification against Mickey Payne. Kingdom Trust shall not be permitted to include the proposed claims against the Jordan entities in the Third-Party Complaint. A motion to file the Third-Party Complaint shall be filed within fourteen days of the entry of this Order.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 6, 2022

4