UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DANIEL MCNALLY, ET AL.**                                                              **PLAINTIFF**

v.                                                                                              No. 5:21-cv-68-BJB

**THE KINGDOM TRUST COMPANY**                                                  **DEFENDANT**

### MEMORANDUM OPINION & ORDER

Daniel McNally and a putative class of investors allegedly lost money due to the fraud of William Jordan, an investment manager accused by the Securities and Exchange Commission of running a Ponzi-like scheme. Complaint (DN 1-1) ¶¶ 9–11. McNally sued The Kingdom Trust Company, a Kentucky-based custodian and trustee that contracted with Jordan to manage an account that held the assets of his various funds. ¶ 1. According to McNally, Kingdom knowingly allowed Jordan to commingle and misuse the funds they held in furtherance of his scheme. *Id.* The lawsuit alleges that Kingdom violated Kentucky state securities law and is liable for fraud, conspiracy, and negligent misrepresentation. *Id.* Kingdom in turn has filed several third-party complaints against Jordan, his business partner Mickey Payne, and—relevant here—Opus Fund Services, LLC. Opus served as the administrator for Jordan's funds and—in Kingdom's view—played a significantly more active role in Jordan's financial dealings than Kingdom. Third Party Complaint (DN 72) ¶ 16. This order, which follows a telephonic hearing on the same subject, concerns Opus' motion for dismissal of the third-party claim based on lack of personal jurisdiction. DN 84.

Kingdom's opposition rested on the so-called "closely-related doctrine," a judge-made rule under which third-party beneficiaries of contracts that contain forum selection clauses may find themselves subject to suit in the selected jurisdiction based on contractual language they never agreed to. *See* Response to Motion to Dismiss (DN 87) at 3. For this federal common-law doctrine to apply, "the [third] party must be 'closely related' … such that it becomes 'foreseeable' that it will be bound" by the forum selection clause. *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997). Opus, according to Kingdom, is a third-party beneficiary of the Custodial Services Agreement between Jordan and Kingdom, DN 69-4, which contains a forum selection clause requiring suit to be brought in Kentucky. The Custodial Services Agreement does not name Opus other than to require Kingdom to regularly provide Opus with paperwork it sends the Jordan funds. Making a special appearance to contest jurisdiction, Opus contends it lacks any knowledge of this agreement or business relationship. Motion to Dismiss (DN 84) at 10–11. And it

1

supports that position with an (uncontested) affidavit from Opus CEO Robin Bedford, DN 84-1 at 1.

Neither party contested the applicability of the closely-related doctrine to this diversity case. But since they briefed the motion, the Sixth Circuit has decided a precedential decision holding that a court sitting in diversity must apply *Erie* choice-of-law analysis rather than the closely-related doctrine to determine whether a forum selection clause applies to a non-signatory third party. *Firexo, Inc. v. Firexo Group Ltd.*, 99 F.4th 304, 322 (6th Cir. 2024). "[I]f a party seeking to enforce a contract by or against a non-signatory cannot satisfy" a well-established exception, "courts should adhere to the 'ordinary rule' that a contract binds only its signatories." *Id.* at 326–27.

Kingdom's agreement with the Jordan funds contains not only a forum selection clause, but also a choice-of-law clause specifying that Kentucky law applies to any disputes. Custodial Services Agreement at 6. So under *Firexo*, the Court must look to Kentucky law to determine whether it would bind Opus to Kingdom's choice of forum. Kentucky courts don't appear to have addressed the closely-related doctrine in any respect, and the parties haven't pointed to any law to that effect (or addressed the *Erie* question at all). The general rule in Kentucky appears to confer third-party beneficiary status only if "the contracting parties intend[ed] by their agreement to benefit some person or entity not otherwise a party." *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581, 595 (Ky. 2012) (holding family member was not a third-party beneficiary of a medical contract).

On the current record, Kingdom's argument fails under either test. Nothing in the record supports its assertion that Opus, aside from its receipt of paperwork, enjoyed or was intended to enjoy any benefit from the custodial arrangement between Kingdom and the Jordan funds. No evidence or uncontested allegation indicates any other way in which Opus was involved in this arrangement. So nothing overcomes Opus's sworn affidavit that it lacked knowledge of the contractual arrangement between Kingdom and Jordan and had no knowledge of any forum selection clause. Nothing in the record (and indeed nothing in the allegations) would allow the Court to conclude that Opus should've been aware of the Kingdom contract and anticipated that it might be subjected to the forum-selection clause. *See Baker*, 105 F.3d at 1106; *Franlink Inc. v. BACE Services, Inc.*, 50 F.4th 432, 442 (5th Cir. 2022)). Nor that Kingdom or the Jordan Funds intended to benefit Opus in any way. *See Ping*, 376 S.W.3d at 595. While the record and law don't *foreclose* the possibility that Opus may have been a third-party beneficiary, any inference rests on mere speculation at this point.

For that reason, Kingdom's fallback request for jurisdictional discovery also fails. *See C.H. v. United States*, 818 F. App'x 481, 484-85 (6th Cir. 2020). Kingdom

hasn't alleged anything regarding Opus other than Opus was in a "contractual relationship with William Jordan and/or the WJA Funds that included, but was not limited to, administration of funds and asset management for William Jordan and/or the WJA Funds." Third Party Complaint ¶ 16. Nor has Kingdom alleged any facts, either before or in response to the Bedford affidavit, that might serve as the predicate for limited jurisdictional discovery. "Bare allegations and vague assertions of the need for discovery are not enough." *C.H. v. United States*, 818 F. App'x at 484 (internal quotation marks and citations omitted). If a specific and good-faith basis for pursuing these allegations or discovery emerges as the litigation continues, Kingdom may of course raise the question again from firmer footing.

During the hearing the Court and counsel also discussed Kingdom's argument that an apportionment claim might support personal jurisdiction. As noted in Opus' reply, DN 89 at 5–6, this Court rejected a similar position in *Papineau v. Brake Supply Co., Inc.*, No. 4:18-cv-168, 2022 WL 2705259 (W.D. Ky. July 12, 2022). That reasoning (unrebutted by Kingdom) applies equally here: an apportionment defense is available to a defendant even if the court lacks jurisdiction over the third party. *Papineau,* 2022 WL 2705259, at *1–2. And Kentucky's apportionment statute, KRS § 411.182, doesn't purport to create jurisdiction where none otherwise exists. *Id.* So as in *Papineau*, that apportionment is available "as a defense to limit the liability of the existing parties," does not mean it creates jurisdiction "to allow recovery against non-parties." *Id.* at *2.

## ORDER

The Court grants the motion to dismiss (DN 84) and dismisses without prejudice the complaint (DN 72) against Opus Fund Services, LLC only.

Benjamin Beaton, District Judge
United States District Court

July 31, 2024